LEE COLEBURN v. THE STATE.

No. 896. Decided January 18, 1911.

1.—Misdemeanor Theft—Special Owner—Want of Consent—Variance.

Where, upon trial of theft, the information alleged special ownership but the evidence failed to show such special ownership, the variance was fatal.

2.—Same—Charge of Court—Recently Stolen Property—Explanation.

Where, upon trial of petty theft, the State relied on possession by de-

fendant of the alleged property recently stolen, and defendant introduced testimony making a reasonable explanation of his possession, the court should have submitted this issue as requested.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and ten days confinement in the county jail.

The opinion states the case.

*H. W. Nelson,* for appellant.—On question of the court's failure to charge on reasonable explanation of defendant's possession of the alleged stolen property: Windham v. State, 19 Texas Crim. App., 413; Schulz v. State, 20 Texas Crim. App., 315; Howell v. State, 16 Texas Crim. App., 93; Vaughn v. State, 21 Texas Crim. App., 573; Prator v. State, 15 Texas Crim. App., 363; Irvine v. State, 13 Texas, Crim. App., 499; York v. State, 42 Texas Crim. Rep., 528; Wheeler v. State, 34 Texas Crim. Rep., 350.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING·JUDGE.—Appellant was convicted of stealing one hundred pounds of honey valued at ten dollars. The information alleges special ownership in Mrs. Choat and general ownership in Etheredge and also alleges want of consent of both owners. Mrs. Choat was placed on the stand and testified that Mr. Etheredge brought some beehives to her place three or four years ago. "He did not leave them in my possession and I had nothing whatever to do with them." Having alleged special ownership in Mrs. Choat it was necessary for the State to prove it. She was evidently placed upon the stand to sustain that allegation in the information, but utterly failed to do so. In fact she excludes the idea that she had any ownership in, or possession of, the beehives. This, under our authorities, would constitute a fatal variance. Ownership and possession of property as alleged in the indictment must be proved as alleged or the variance will be fatal to a conviction. Williams v. State, 26 Texas Crim. App., 131; Briggs v. State, 20 Texas Crim. App., 106; Hall v. State, 22 Texas Crim. App., 632. For further collation of authorities see White's Annotated Penal Code, section 1507.

Appellant requested the court to charge the jury that the possession of recently stolen property is only a circumstance against the defendant, and if they should find beyond a reasonable doubt that the comb found at the defendant's house was comb that came out of the gums of Etheredge, and if the defendant gave a reasonable explanation of his possession of said comb, then it would devolve on the State to prove beyond a reasonable doubt the falsity of said

explanation and if the State did not do so they would not consider this as a circumstance against him. This charge was refused. As written the court declined it on the ground that appellant was not charged with theft of a comb. This charge is subject to the criticism that it is upon the weight of the evidence, but upon another trial the substance of this · charge should be given the jury. Under all the testimony appellant was charged with the theft of honey taken from three beegums. This honey was in the comb when taken from the gums. Etheredge testified that his beegums were peculiarly constructed by having wire inserted in the inside which he describes but unnecessary here to be detailed, and it was by means of this wire found in some honey comb at appellant's residence, that the State sought to prove that appellant took Etheredge's beegums. Etheredge emphasizes this testimony by stating that he, himself, invented this peculiar character of beegum. At appellant's residence was found what the witnesses term some balls of comb from which the honey had been squeezed, one or more balls, and in the ball or balls, was found this peculiar character of wire that Etheredge claims was to be found in his beegums. Appellant, to meet this, introduced evidence to the effect that another party gave him some honey in which said wire was found. It became a question before the jury of some gravity. We do not think that the court's refusal to give the charge on the ground that he was not charged with theft of comb is sustained by the evidence. As above stated somebody took three of Etheredge's beegums and took the honey from the beegums. The honey at appellant's house was found in a jar strained and one of the circumstances relied upon by the State was the fact that wire was found in the balls of comb which were found at appellant's place of residence. Of course, the deduction was to be had that the honey had been taken in the comb from the gums and strained by appellant at his residence and the comb laid aside. If the witness testifying for the defendant gave appellant some honey from which he had squeezed the honey into the jar it would probably account for the balls of comb, mentioned by the State's witness, favorably to appellant or at least it would have been a circumstance to be considered by the jury favorable to appellant's side of the case. This much is said in regard to this charge in view of the fact that there will be another trial of the case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*